UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AUNT SALLY'S PRALINE SHOP, INC.**                **CIVIL ACTION**

**VERSUS**                                          **NO. 06-7674**

**UNITED FIRE & CASUALTY**                          **SECTION "K"(5)**
**COMPANY**

## ORDER AND OPINION

Before the Court is the "Motion for Partial Summary Judgment" filed on behalf of defendant United Fire & Casualty Company (Doc. 32) which seeks to dismiss Aunt Sally's Praline Shops, Inc.'s claim for the March 15, 2007, termination of its policy of commercial insurance by United Fire & Casualty Company. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion.

### BACKGROUND

On August 29, 2005, Aunt Sally's Praline Shops, Inc. ("Aunt Sally's") had in effect a policy of commercial property and liability insurance with United Fire & Casualty Company ("United"). As a result of Hurricane Katrina, Aunt Sally's made a claim under its policy for damage to business personal property, business income losses, and extra expenses under the business income loss form.

On August 7, 2006, Aunt Sally's policy with United renewed for a one year period, contingent upon the timely payment of the applicable premium. On October 10, 2006, Aunt Sally's field suit against United seeking payments for damage to business personal property, business income losses, extra expenses under the business income loss form, and penalties, damages, and attorneys fees under La. Rev. Stat. 22:658 and 22: 1220.

On March 15, 2007, United cancelled Aunt Sally's policy for non-payment of the premium.

Upon learning of the policy's cancellation, Helmut Mundt, Aunt Sally's insurance agent, attempted to get United to issue a new policy with the same coverage previously provided. United issued a new liability policy to Aunt Sally's but was not willing to issue a new property damage policy. Thereafter Aunt Sally's obtained a new property damage policy through Lloyds of London.

Aunt Sally's then amended its complaint to add a claim for breach of contract for the wrongful termination of the prior policy, including damages for the cost of the additional premiums paid by Aunt Sally's, as well as administrative costs and expenses, including attorney's fees, associated with the wrongful termination of the policy.

United filed a motion for partial summary judgment seeking to dismiss plaintiff's claim for breach of contract for the wrongful termination of the prior policy contending that it properly terminated the policy for non-payment of the premium due and that it provided plaintiff with proper notice of the cancellation for non-payment of the premium. Aunt Sally's opposes the motion contending that United has not produced sufficient proof establishing delivery of the notice of cancellation and alternatively, that the notice of cancellation was deficient.

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing*

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under Louisiana law, notice of cancellation of a commercial policy of insurance based on nonpayment of a premium "shall be mailed or delivered at least ten days prior to the effective date of the cancellation." La. Rev. Stat. 22: 636.4 C (1). Additionally, the statute provides in pertinent part that "[p]roof of mailing of notice of cancellation . . . shall be sufficient proof of notice." La. Rev. Stat. 22:634.4 (F). To establish proof of mailing sufficient to satisfy the statute, United submits a document entitled "Notice of Cancellation-Nonpayment of Premium" dated February 28, 2007 which indicates that the minimum amount due by Aunt Sally's is $5,536.00. The document sates that the "CANCELLATION WILL TAKE EFFECT ON 3/15/07 AT 12:01 A.M." Doc. 32-7, Exhibit C. The document also states in pertinent part:

> Our records indicate the premium payment due on your policy has not been received. Therefore, your policy is scheduled to cancel on the date and time shown above. . . . By paying the MINIMUM DUE shown below to the Company before the cancellation date, your policy will be continued without any lapse in coverage. PAYMENT OF LESS THAN THE MINIMUM DUE SHOWN BELOW WILL BE RETURNED TO YOU AND MAY RESULT IN A LAPSE IN COVERAGE. Payment will be considered as having been made only if received by the company on or before the cancellation date and not at the time of mailing.
>
> . . .
>
> If "we" receive a cashiers check or money order from "you" or "your" legal representative for the full amount of the premium due prior to the effective date of the cancellation, the policy will continue in full force and effect.

Doc. 32-7.  United also submits the affidavit of Debra Macke, its "Supervisor of the Department of Office Services" in which Ms. Macke outlines the procedure used by United to process  and mail notices of cancellation  once the notice has been generated.[1] United also relies upon a "Certificate of Acknowledgment" executed by Alicia Robin, a United  underwriter,  which states that various documents attached to the motion for summary judgment, including the notice of cancellation,  are "contained in the United Fire Group underwriting file for Aunt Sally's Praline Shop, Inc." and "were made by the regularly conducted activity as a regular practice."  Doc. 32-10.

     Plaintiff challenges the competency of Ms. Macke's affidavit and Ms. Robin's "Certificate of Acknowledgment" on several grounds, including the failure to state that the affidavit and certificate are based on personal knowledge and lack of specificity concerning the procedures which are the substance of the statements.  No extensive analysis of the adequacy of those documents is necessary.  Even if Ms. Macke's affidavit and Ms. Robin's "Certificate of Acknowledgment"

---

[1] The affidavit does not address the procedure used to generate a notice of cancellation.

constitute competent Rule 56 evidence, defendant is not entitled to summary judgment.

"[P]roof of the deposit [of the notice of cancellation] in the mails creates only a prima facie presumption of delivery under LSA-R.S. 22:636." *Broadway v. All-Star Insurance Corporation*, 285 So.2d 536, 539 (La. 1973). The rebuttable presumption of delivery can be "overcome by affirmative proof of non-delivery." *Snow v. Mid-American Indemnity Company*, 557 So.2d 1073, 1076 (La. App. 2nd Cir. 1990, citing *Broadway v. All-Star Insurance Corporation*, 285 So.2d at 539. As noted by the Louisiana Supreme Court, "[t]he purpose of notice of cancellation is to make known to the insured that his policy is being terminated and to afford him sufficient time to obtain other insurance protection." *Broadway v. All-Star Insurance Corporation*, 285 So.2d at 539. That purpose would be undermined if proof of mailing were sufficient to conclusively terminate coverage. *Id.*

Assuming *arguendo* that the evidence submitted by United constitutes competent summary judgment evidence establishing mailing of the notice of cancellation to Aunt Sally's at its correct address, Aunt Sally's has overcome that presumption by competent evidence of non-receipt of the notice of cancellation. Aunt Sally's submitted the affidavit of Jackie Snyder, the Accounting and Administrative Manager for Aunt Sally's, which establishes, among other things that at the relevant time:

- she was the only person authorized to receive and open mail delivered to Aunt Sally's office;
- that she retained all invoices from vendors, supplier and United Fire and processed them for payment; and
- that "[a]t no time between February 28, 2007 and March 19, 2007 did Aunt Sally's receive from the United States Postal Service, or any other person or entity, a notice of cancellation/non-payment of premium from United Fire."

Doc. 33-2. Ms. Snyder's affidavit is sufficient to rebut the presumption of delivery and creates a

5

genuine issue of material fact as to whether Aunt Sally's received a notice of cancellation of their policy with United.  Accordingly, the motion for summary judgment is denied.

New Orleans, Louisiana, this 9th day of June, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE