UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AUNT SALLY'S PRALINE SHOP, INC.**  CIVIL ACTION

**VERSUS**  NO. 06-7674

**UNITED FIRE & CASUALTY COMPANY**  SECTION "K"(5)

### ORDER AND OPINION

Before the Court is the "Motion in Limine With Respect to Reference to Policy Exclusions" filed on behalf of plaintiff Aunt Sally's Praline Shops, Inc.("Aunt Sally's") (Doc. 43). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

### BACKGROUND

On August 29, 2005, Aunt Sally's had in effect with United Fire & Casualty Company ("United Fire") a commercial property policy which provided coverage for a retail store located at 810 Decatur Street and a manufacturing facility and warehouse located at 2831 Chartres Street. As a result of Hurricane Katrina Aunt Sally's made a claim under its policy for damages to both the retail store and the manufacturing facility/warehouse.

United Fire tendered several payments under the policy. Aunt Sally's, unsatisfied with the amounts tendered under the policy, filed suit against United Fire seeking payment for additional damages to business personal property, breakdown of equipment, loss of business income, and "extra expenses" under the policy. United Fire filed an answer stating in pertinent part:

### Seventh Defense

United Fire pleads, as if copied herein *in extensio*, the policy of

insurance which it issued to Plaintiff, including any and all provisions, limitations, exclusions and endorsements which are the best evidence of its contents; United Fire further pleads all defenses, exclusions, rights and remedies under the policy of insurance which it issued to plaintiff.

### Twelfth Defense

In the alternative, and as a separate and complete defense, United Fire affirmatively avers that accord and satisfaction has been made and that all payments due under the policy issued to Plaintiff by United Fire have been made, with nothing being due and owing to Plaintiff.

### Sixteenth Defense

**AND NOW**, for further response to the allegations of the numbered paragraphs of the Petition, United Fire avers as follows:

**3.**

In response to Paragraph 3, while United Fire admits that it issued Policy Number 60315127 to Aunt Sally's Praline Shops, Inc., the policy, including any and all provisions, limitations, exclusioins and/or endorsements, is the best evidence of its terms and content and which is pled at length herein as if copied *in extensio*; United Fire further pleads all defenses, exclusions, rights, and remedies under this policy of insurance which it issued to plaintiff.

**23.**

In response to Paragraph 23, United Fire admits that its Policy Number 60315127 contains equipment breakdown coverage, as specifically defined in said policy.

**30.**

In response to Paragraph 30, United Fire admits that its Policy Number 60315127 contains coverage for loss of business income, as specifically defined in said policy.

**44.**

In response to Paragraph 44, United Fire admits that its Policy Number

>    60315127 contains coverage for Extra Expense under its Business
>    Income Form, as specifically defined in said policy.

(Doc. 8).

In the pretrial order defendant cited several exclusions as the basis for denying plaintiff's claims. Plaintiff objected to defendant's inclusion of the exclusions in the pretrial order. Thereafter plaintiff filed this motion seeking to preclude defendant from raising or introducing any evidence with respect to the alleged policy exclusions based on defendant's alleged failure to plead any policy exclusions in it answer or in pretrial motions. Plaintiff asserts that it has been both surprised and prejudiced by defendant's failure to raise the policy exclusions at an earlier date.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 8(c) lists nineteen affirmative defenses which must be specifically pleaded and also includes a residuary clause which requires that "any other matters constituting an avoidance or affirmative defense" must be "set forth affirmatively." "In the years since adoption of the rule, the residuary clause has provided the authority for a substantial number of additional defenses which must be timely and affirmatively pleaded. These include: exclusions from a policy of liability insurance . . .." *Ingraham v. United States*, 808 F.2d 1075, 1078 (5th Cir. 1987)(citing 5 C.Wright & A. Miller, *Federal Practice and Procedure: Civil,* §1271 (1969 & supp.), and 27 Fed. Proc., L.Ed. §62. 63 (1984 & supp.), for discussion and citations.).

In determining what constitutes an affirmative defense, the Court in this diversity case involving a policy of insurance delivered in Louisiana, must look to Louisiana law. *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986). Under Louisiana law, the denial of coverage based on an exclusion in an insurance policy is considered an affirmative defense. *Griffin v. Schwegmann*

*Brothers Giant Supermarkets, Inc.*, 542 So.2d 710, 714 (La. App. 4th Cir. 1989).

The purpose of Rule 8(c) is to give the plaintiff fair notice of the defense to be relied upon by the defendant. *See Woodfield v. Bowman*, 193 F.3d 354, 362, n. 29 (5th Cir. 1999)(citing *Automated Med. Labs. v. Armour Pharm., Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980). Therefore, generally the failure to plead an affirmative defense is deemed a waiver of the defense. *Morris v. Homco International, Inc.*, 853 F.2d 337, 342 (5th Cir. 1988). However, where the defendant raises the defense in a manner that does not result in "unfair surprise" to the plaintiff, the "[t]echnical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chemical Corporation v. Mackay*, 695 F.2d at 856. However, "[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d at 1079. "A defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *West Texas Agriplex v. Mid-Continent Casualty Co.*, 2004 WL 1515122 at *7 (N.D. Tex. July 7, 2004)( citing *Automated Med. Labs v. Armour Pharm. Co.*, 629 F.2d 118, 1122 (5th Cir. 1989)).

Defendant's allegations in its answer are too non-specific and vague to provide plaintiff with fair notice of the specific exclusions which defendant intended to rely upon in denying coverage to plaintiff. Moreover, defendant did not furnish the Court with any evidence establishing that it provided plaintiff with notice of its intent to rely upon policy exclusions at any time prior submitting its pretrial order inserts. While it is true that the plaintiff received notice of defendant's intent to rely upon specified policy exclusions when it received defendant's pretrial inserts and that at the pretrial conference defendant advised plaintiff of "the reasoning and basis behind those exclusions" that notice, on the eve of trial, is insufficient to satisfy the purpose of Rule 8(c).

Significantly plaintiff urges that due to the late disclosure of the policy exclusions relied upon by defendant "Aunt Sally's was not given the opportunity to undertake discovery with respect to the applicability vel non of the exclusions, to develop evidence with respect thereto, to consult with experts with respect to opinions on potential applicability of the exclusions as well as facts bearing on the exclusions, and to file pre-trial motions" (Doc. 43-2, p. 6). The Court is persuaded that plaintiff has been surprised and prejudiced by the lack of fair notice. Accordingly,

**IT IS ORDERED** that Aunt Sally's Praline Shops, Inc.'s "Motion in Limine with Respect to Reference to Policy Exclusions" (Doc. 43) is **GRANTED.**

New Orleans, Louisiana, this 20th day of June, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE