UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUNT SALLY'S PRALINE SHOP, INC. | CIVIL ACTION |
| VERSUS | NO. 06-7674 |
| UNITED FIRE & CASUALTY COMPANY | SECTION "K"(5) |

### ORDER AND OPINION

Before the Court is the "Motion in Limine With Respect to Certain Exhibits and Witnesses" filed on behalf of plaintiff Aunt Sally's Praline Shops, Inc.("Aunt Sally's") (Doc. 47). Specifically, plaintiff seeks to preclude defendant from introducing at trial "The Underwriting File," "The Claim File,"and "Documents Produced in Discovery." Aunt Sally's also seeks an order prohibiting Rick Parsons and Anthony Nigro, Jr. from testifying as witnesses for defendant. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion in part, and denies it in part.

a) Exhibits

Defendant concedes that plaintiff's motion with respect to exhibits is "technically correct" and states that the motion "is of no moment to United Fire" because "those exhibits which it would introduce are already contained in plaintiff's counsel's Exhibit Book." (Doc. 62, p. 2). Because defendant will not seek to introduce the challenged exhibits at trial, plaintiff's motion is denied as moot.

b) Witnesses

In its opposition to the motion, defendant states that it will not call Rick Parsons as a witness. Therefore, the motion is denied as moot to the extent that it seeks to exclude Rick Parsons as a

witness.

Some background information is necessary to analyze plaintiff's motion with respect to Mr. Nigro. Anthony Nigro, Jr. is an employee of Hartford Steam Boiler Inspection and Insurance Company ("Hartford"). United Fire apparently obtained from Hartford a policy of insurance providing mechanical equipment breakdown coverage for the Aunt Sally's mechanical equipment insured by United Fire. Aunt Sally's has no direct relationship with Hartford. United Fire apparently made a claim under the Hartford policy for damage sustained by mechanical equipment at Aunt Sally's retail store and manufacturing/warehouse facility. In a memorandum entitled "Claim Status" written by Anthony Nigro, Jr., Hartford denied United Fire's claim.

Plaintiff contends that Mr. Nigro should not be permitted to testify because he was not identified by United Fire in its original Witness List and was identified as a witness for the first time in the pretrial order. Plaintiff urges that prior to receiving the Witness List in the pretrial order, it had no reason to suspect that any Hartford employee would "play a role in the trial" and therefore that Aunt Sally's did not depose an Hartford employee with respect to the handing of claims involving Aunt Sally's or similar claims in the New Orleans area. Additionally, plaintiff asserts that permitting Mr. Nigro to testify may confuse the jury by introducing evidence of another insurance policy into the trial which the jury may think is available to Aunt Sally's.

Defendant urges that Aunt Sally's cannot be surprised that Mr. Nigro would testify because he is the author of the "Claim Status" memorandum which United Fire produced to plaintiff in January 2007 in response to Plaintiff's Request for Production of Documents.

Because the pleadings filed to date, do not establish the relevance of Mr. Nigro's testimony, defendant will be required to establish the relevance of his testimony before Mr. Nigro is permitted

to offer any testimony as a witness. Assuming the Court is convinced that Mr. Nigro's testimony is relevant, he will be permitted to testify. However, because Mr. Nigro was not listed on defendant's initial witness list, his testimony will be limited to the information which appears within the "four corners" of the "Claim Status" memorandum.

New Orleans, Louisiana, this 20th day of June.

UNITED STATES DISTRICT JUDGE