UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AUNT SALLY'S PRALINE SHOP, INC.                CIVIL ACTION

VERSUS                                          NO. 06-7674

UNITED FIRE & CASUALTY                          SECTION "K"(5)
COMPANY

## ORDER AND OPINION

Following a trial, the jury concluded that defendant United Fire and Casualty Company arbitrarily, capriciously, and without probable cause failed to timely pay or offer to settle plaintiff Aunt Sally's Praline Shops, Inc.'s claim within the time periods established by La. Rev. Stat. 22:§658 and 22:§1220 (Doc. 89). Before the Court is the issue of which statute the penalty for defendant's arbitrary and capricious failure to pay is properly awarded under. Having reviewed the relevant law, the Court, for the reasons assigned, concludes that the §1220 provides the appropriate penalty.

A party may not recover penalties under both §658 and §1220 for an insurer's arbitrary and capricious failure to timely pay a claim. *Calogero v. Safeway Insurance Company of Louisiana*, 753 So.2d 170, 174 (La. 2000). Where an insurer has failed to comply with both §658 and §1220, the insured is entitled to recover the penalty under the statute that provides the greater penalty. *Id.*

The penalty under §658 is determined as a percentage of the amount that was not paid within thirty (30) days of the insurer's receipt of a satisfactory proof of loss. Here, the jury concluded that by September 19, 2005, Aunt Sally's had provided United Fire with satisfactory proof of loss and that United Fire arbitrarily, capriciously, or without probable cause failed to pay plaintiff $293,932.00 in losses within thirty (30) days of receiving satisfactory proof of loss.

In 2006 the Louisiana legislature amended La. Rev. Stat. 22:658 to increase the applicable penalty from twenty five (25) percent of the loss not timely paid to fifty (50) percent of the loss not timely paid and added a provision for the payment of "reasonable attorneys fees and costs."  The 2006 amendments became effective on August 15, 2006,  prior to the date that plaintiff filed this suit.  The critical factor in determining the applicability of the amendment is not whether the suit was filed after the effective date of the amendment, but rather whether the thirty (30) day period within which the insurer had to pay the claim, triggered by its receipt of a "satisfactory proof of loss," expired on or after August 15, 2006.  Thus, if plaintiff provided "satisfactory proof of loss" to United  Fire and the thirty (30) day statutory period for paying the claim elapsed prior to August 15, 2006, the effective date of the amendment, then the claim first arose prior to the effective date of the amendment and plaintiff's penalty under §658 would be  limited to twenty five (25) percent of the loss which was not timely paid, and plaintiff would not be entitled to an award of attorneys fees.  Based on the jury's determination that United Fire received satisfactory proof of loss by September 19, 2005, the thirty (30) day period for timely payment expired prior to the effective date of the 2006 amendment.  Therefore, the pre-amendment version of §658 applies.  Under that statute plaintiff is entitled to a penalty $73,483.00 (25% of $293,932,00), but is not entitled to an award of attorneys fees.

Under §1220 the plaintiff is entitled to up to twice the damages it suffered as a result of United Fire's failure to pay the amount due under the policy within sixty days after receiving satisfactory proof of loss or up to $5,000.00 whichever is greater.  The jury found that Aunt Sally's sustained damages of $57,117.00 as a result of United Fire's failure to timely pay its claim and awarded Aunt Sally's $114,234.00 as a penalty for United Fire's failure to timely pay the claim.

Because the penalty under §1220 is greater than that under §658, plaintiff is entitled to recover the penalty under §1220, i.e. $114,234.00.

    New Orleans, Louisiana, this 9th day of October, 2008.

                                         STANWOOD R. DUVAL, JR.
                                       UNITED STATES DISTRICT JUDGE