# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AUNT SALLY'S PRALINE SHOP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7674** |
| **UNITED FIRE & CASUALTY COMPANY** | **SECTION "K"(5)** |

## ORDER AND OPINION

Before the Court is the "Motion for New Trial" filed on behalf of defendant United Fire & Casualty Company (Doc. 93). Having considered portions of the trial record, the memoranda submitted in connection with this motion, and the applicable law, the Court, for the reasons assigned, grants the motion in part and denies it in part.

## BACKGROUND

Aunt Sally's Praline Shop, Inc. ("Aunt Sally's") operated a manufacturing facility in a leased warehouse on Chartres Street and a retail store in a leased premises on Decatur Street. Both the manufacturing facility and the retail store sustained damage on August 29, 2005 due to Hurricane Katrina. On that date Aunt Sally's had in effect a policy of commercial property and liability insurance with United Fire & Casualty Company ("United Fire"). In June 2006, United Fire paid Aunt Sally's $27,355.00 for damages to its facilities. On October 10, 2006, Aunt Sally's filed suit against United Fire seeking additional payments for damage to business personal property, business income losses, and extra expenses under the business income loss form, as well as penalties, damages, and attorneys fees under La. Rev. Stat. 22:658 and 22: 1220.

Several months before filing suit against United Fire, Aunt Sally's renewed its insurance policy with United Fire, contingent upon the timely payment of the applicable premium. On March

15, 2007, United Fire cancelled Aunt Sally's policy for non-payment of the premium.   Thereafter

United Fire  issued a new liability policy to Aunt Sally's  but declined to issue another  property

damage policy.  Aunt Sally's then obtained a property damage policy through Lloyds of London.

Following the cancellation of the United Fire insurance policy, Aunt Sally's amended its

complaint, adding a claim for breach of contract for wrongful termination of the prior policy and

seeking  damages for the additional premium  paid by Aunt Sally's, as well as administrative costs

and  expenses, including attorney's fees,  associated with the  wrongful termination of the policy.

At the conclusion of the trial in this matter, the jury found in favor of Aunt Sally's on all

claims.  United Fire filed this motion for new trial urging that there was a lack of evidence to support

certain portions of the verdict.   United Fire also urges that it is entitled to a new trial because the

Court erred in striking its policy exclusion defenses and denying its  motion to continue the trial.

## LEGAL STANDARD

Rule 59(a) of the Federal Rules of Civil Procedure provides in part that a court may grant

a motion for new trial "for any reason for which a new trial has heretofore been granted in an action

at law in federal court."  The decision to grant or deny a motion for new trial falls within the sound

discretion of the district court.  *Foradori v. Harris*, 528 F.3d 477, 503-04 (5th Cir. 2008).  "A district

court can grant a motion for new trial if the first trial was unfair or if the jury verdict was against the

great weight of the evidence." *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005); *see also  Smith*

*v. Transworld  Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)(a district court may grant a new trial

if the verdict is against the weight of the evidence, the damages awarded are excessive, the trial is

unfair, or prejudicial error was committed in the course of the trial).

EXCLUSION OF EVIDENCE OF AFFIRMATIVE  DEFENSES AND DENIAL OF

## MOTION TO CONTINUE TRIAL

Defendant seeks a new trial contending that the Court erred in granting plaintiff's "Motion in Limine With Respect to Reference to Policy Exclusions" which sought to preclude United Fire from raising or introducing evidence with respect to policy defenses such as the "Off-Premises Services" exclusion, the service interruptions for various causes exclusion, and the delay in resuming operations due to need to reconstruct data exclusion. The Court granted the motion concluding that "[d]efendant's allegations in its answer are too non-specific to provide plaintiff with fair notice of the specific exclusions which defendant intended to rely upon in denying coverage . . .[and that] defendant did not furnish the Court with any evidence establishing that it provided plaintiff with notice of its intent to rely upon policy exclusions at any time prior to submitting its pretrial order inserts." Doc. 70. The Court carefully considered this issue prior to issuing its order granting plaintiff's motion in limine. Defendant has not offered any new basis to reexamine its prior ruling. United Fire also urges that it is entitled to a new trial because the Court mistakenly denied defendant's motion to continue the trial. Less than three weeks prior to the scheduled trial date, United Fire sought a continuance of the trial because Allen Schons, the regional trial manager for United Fire Group, would be unavailable for trial.[1] The Court reviewed Mr. Schon's deposition, which the parties stipulated was being taken "for discovery and all other purposes," concluded based on Mr. Schon's testimony that he was not an essential witness whose presence is necessary at trial and denied the motion. Doc. 84. Defendant has not offered any persuasive basis for altering its opinion.

---

[1] Mr. Schons would have been unable to attend the trial because he would have been recovering from surgery at the time of the trial.

Neither the denial of the motion to continue the trial nor the granting of plaintiff's motion in limine constitute error or resulted in a miscarriage of justice. Therefore, the Court denies the motion for new trial relative to these two issues.

PERIOD OF RESTORATION, BUSINESS INTERRUPTION LOSS,
AND EXTENDED BUSINESS INCOME LOSS

Defendant challenges the jury's determination of the "period of restoration" for both Aunt Sally's locations as well as the quantum of damages awarded for business interruption loss and extended business income loss. The insurance policy provides coverage for the actual loss of business income sustained due to the necessary suspension of operations during the "period of restoration." The policy further provides that the suspension of operations must be "caused by direct physical loss of or damage to property at the premises described in the Declarations . . . caused by or resulting from any Covered Cause of Loss," including "windstorm." Plaintiff's Exhibit 1, p. 15. As the Court has previously ruled during the trial, the policy does not extend to a suspension of operations due to direct physical loss or damage to the building which is extrinsic to or does not continue to damage the actual premises leased by Aunt Sally's.

The United Fire insurance policy defines "period of restoration" as that period of time that:

> a. Begins with the date of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the described premises; and
> b. Ends on the date when the property at the described premises should be repaired, rebuilt, or replaced with reasonable speed and similar quality.

Plaintiff's Exhibit 1, p. 20. The jury concluded that the period of restoration for the Decatur Street store began on August 29, 2005, and lasted until November 2, 2005, while the period of restoration for the Chartres Street location extended from August 29, 2005, until December 8, 2005.

4

In opposing the motion for new trial plaintiff points to no specific evidence supporting the jury's determinations of the periods of restoration, but simply states that "[t]he jury heard testimony from Mr. Simoncioni and Ms. Hebert, with respect to how long it took to get the Chartres St. and Decatur St. locations cleaned out and repairs made such that the buildings could be used for the purposes for which they were being used before the storm." Doc. 100, p. 4.

Ms. Hebert's testimony does not specifically identify any physical damage to either property due to Hurricane Katrina. Rather, her testimony establishes that when the Decatur Street store reopened on October 2, 2005, there was no gas service, no usable water, and no air conditioning in the store. However, there is no evidence that the lack of gas, water, or air conditioning resulted from physical damage to the gas lines, water lines, or air conditioning equipment on the Aunt Sally's premises. Similarly, Frank Simoncioni's testimony concerning the lack of telephone service, internet service, gas service, potable water, and electricity at the Aunt Sally's facilities does not constitute evidence supporting the jury's determinations of the periods of restoration.

The only evidence of direct physical damage to the Chartres Street facility is Mr. Simoncioni's testimony that some ceiling tiles were damaged. However Mr. Simoncioni's testimony did not indicate when the damaged ceiling tiles were repaired or replaced, and therefore, the damage to the ceiling times cannot support the jury's determination that the period of restoration for the Chartres St. facility ended December 8, 2005. Given the lack of evidence supporting the jury's verdict that the period of restoration for the Chartres Street facility extended until December 8, 2005, the jury's determination is against the great weight of the evidence, thereby entitling United Fire to a new trial on this issue.

As for the jury's determination that the Decatur Street store's period of restoration ended

November 2, 2005, the Court denies defendant's motion for new trial concluding that the jury's finding is not against the great weight of the evidence. United Fire's policy does not tie the determination of the period of restoration to the resumption of operations. Therefore, the October 2, 2005 opening of the retail store does not *per se* establish the end of the period of restoration.

There is photographic evidence of water damage to a wall and the ceiling of the store. Plaintiff's Exhibit No. 82. Frank Simoncioni testified that when the store reopened on October 2, 2005, there continued to be leaks into the store due to roof damage, that ceiling repairs were necessary due to a leaking roof and leaking damage, and that "water from the roof came through the ceiling." Transcript of Trial Testimony of Frank Simoncioni, p. 4, 80-81. Aunt Sally's also produced a letter dated October 18, 2005, from Richard McCall, the Executive Director of the French Market Corporation, the owner of the premises leased by Aunt Sally's, stating in pertinent part that it "has covered Building A with a rubber tarp *to reduce* water intrusion in the building which is occupied by Aunt Sally's Praline Shop at 810 Decatur Street."(emphasis added). Plaintiff's Exhibit 32. Evidence establishes that the final roof repairs to the building were contemplated to occur by June 15, 2007, and Mr. Simoncioni testified that the roof repairs were not completed until "mid 2007." Plaintiff's Exhibit 78, Trial Transcript of Trial Testimony of Frank Simoncioni, p. 50. Considering the totality of the evidence, the jury's determination that the Decatur Street period of restoration extended until November 2 is not against the great weight of the evidence. Therefore, the Court denies United Fire's motion for new trial on this issue.

Having granted defendant a new trial on the issue of the restoration period for the Chartres Street Store, it is necessary to grant defendant a new trial on the issue of business interruption damages. Based on the jury's findings with respect to the periods of restoration for the two

facilities, the jury award of $227,250.00 for business interruption damages includes losses for both

Aunt Sally's locations.  The jury awarded Aunt Sally's, the exact amount calculated by John Nagin,

plaintiff's expert witness, to be plaintiff's uncompensated business interruption loss.  In calculating

that loss, Mr. Nagin utilized a unified approach, i.e.,  he did not calculate separately the losses

incurred by  the Decatur Street store and the Chartres Street warehouse, but rather considered the

two operations together in calculating Aunt Sally's uncompensated business interruption losses.

Because the jury adopted plaintiff's unified approach, there  is no evidentiary basis for apportioning

the damages awarded between the two facilities which precludes  the Court from suggesting  a

remitted award for plaintiff's consideration.  Therefore, the Court has no choice but  to grant

defendant a new trial on the quantum of the business interruption damages sustained by both

facilities.

Defendant also seeks a new trial on the issue of damages for extended business income loss,

urging that the jury's award is against the great weight of the evidence.  The United Fire policy

provides in pertinent part:

> **d.  Extended Business Income**.  We will pay for the actual loss of
>    Business Income you incur during the period that
>     (1) Begins on the date property (except "finished stock") is
>     actually repaired, rebuilt or replaced and "operations" are
>    resumed; and
>    (2) Ends on the earlier of:
>        (a) The date you could restore your "operations" with reasonable
>            speed, to the condition that would have existed if no direct
>            physical loss or damage occurred; or
>        (b) 30 consecutive days after the date determined in (1) above.
>     Loss of Business Income must be caused by direct physical loss or
>       damage at the described premises caused by or resulting from any Covered
>       Cause of Loss.

Plaintiff's Exhibit 1, p. 16.

As to both the Chartres Street facility and the Decatur Street retail store, the jury found that the period for extended business income loss ended on December 8, 2005 and awarded plaintiff damages of $57,117.00. Because the jury determined that the period of restoration for the Chartres Street facility also terminated on December 8, 2005, plaintiff is not entitled to any damages for extended business income losses for that location. Accordingly, all of the $57,117.00 awarded as damages for extended business income must be attributed to losses sustained by the Decatur Street store.

Despite the jury's finding that the extended business income loss period for the Decatur Street store ended on December 8, 2005, the insurance policy limits the period for payment of extended business income loss to thirty (30) days. Plaintiff's Exhibit 1, p. 16. Therefore, the Court concludes that the $57,117.00 award for extended business income loss represents the amount of losses incurred during that thirty (30) day period. The award of $57,117.00 represents an average daily extended business income loss of $1,903.70.

"The jury enjoys substantial discretion in awarding damages within the range shown by the evidence." *Neiman-Marcus Group, Inc. v. Dworkin*, 919 F.2d 368, 372 (5th Cir. 1990). However, the law condemns excessive speculations, and the jury "may not pull figures out of a hat. The jury awarded Aunt Sally's $227,250.00 for uncompensated business income loss, the exact amount calculated by John Nagin, plaintiff's accounting expert, as Aunt Sally's uncompensated business income loss. That amount represents the amount of damages owed to Aunt Sally's after the $27,355.00 previously paid by United Fire is subtracted from Mr. Nagin's calculation of ninety (90) day total business income loss of $259, 605.00. Using Mr. Nagin's calculations, which the jury clearly adopted, the average daily income loss is $2,884.52. However, standing alone that daily

8

average cannot be used to evaluate the jury's extended business income loss award because as noted previously Mr. Nagin's calculations included the losses sustained at both Aunt Sally's facilities, and based on the jury's responses to the special interrogatories, Aunt Sally's is entitled to an award for extended business loss only for the Decatur Street store. However, Lynn Mitchell, United Fire's expert accounting witness, testified that the November 2005 business income loss for the Decatur Street totaled $46,473.00. That amount represents an average daily loss of $1,549.10.

The difference between the $1,549.10 average daily loss calculated by Ms. Mitchell which represents the lower end of the range of damages, and the $1,903.70 average daily loss awarded by plaintiff is not so large that the Court can conclude that the jury's award is against the great weight of the evidence. Mr. Nagin's calculation a unified damage award does not require the jury to disregard all of his testimony in determining the extended business loss damages. Nor was the testimony of Ms. Mitchell and Mr. Nagin the only evidence which the jury could have considered in making its award. Plaintiff introduced the worksheets relied upon by United Fire in determining the amount it paid Aunt Sally's as business interruption damages (Plaintiff's Exhibit 5), as well as the Aunt Sally's income statements (Plaintiff's Exhibit 7) and its federal tax returns (Plaintiff's Exhibit's 8.9. and 10). Considering the totality of the evidence, the Court cannot conclude that the award is against the great weight of the evidence.

## SATISFACTORY PROOF OF LOSS

Louisiana Revised Statute 22:658 provides that an insured is entitled to statutory penalties if an insurer fails to pay a claim within thirty days of the insured providing satisfactory proof of loss *and* the insurer's failure to timely pay is arbitrary, capricious, or without probable cause. Louisiana Revised Statute 22:1220 penalizes similar behavior. It permits an insured to recover consequential

damages resulting from an insurer's failure to pay a claim within sixty (60) days of receiving satisfactory proof of loss, if the delay in payment is "arbitrary, capricious, and without probable cause." La. Rev. Stat. 22:1220. A pre-requisite to recover under either statute is that the insured provide the insurer with "satisfactory proof of loss." "A satisfactory proof of loss is that which is sufficient to fully apprise the insurance carrier of the claim and the extent of the damages." *Yount v. Lafayette Insurance Company*, 4 So.3d 162, 172 (La. App. 4th Cir. 2009), citing *Talton v. USAA Casualty Insurance Company,* 981 So.2d 696, 707 (La. App. 4th Cir. 2008).

The jury concluded that United Fire received satisfactory proof of loss of Aunt Sally's claim by September 19, 2005. Frank Simoncioni and Helmut Mundt notified United Fire of Aunt Sally's loss by September 19, 2005, as evidenced by United Fire's September 20, 2005, letter acknowledging receipt of Aunt Sally's "notice of loss" and assignment of an adjuster to the claim. There is however, no evidence indicating that as of September 19, 2005, United Fire had any specific information concerning Aunt Sally's damages or claimed losses, e.g., loss of inventory, loss of income, continuing expenses of Aunt Sally's, or any other information fully apprising United Fire of the extent of plaintiff's damages. United Fire first obtained information concerning the extent of Aunt Sally's claim on October 14, 2005, when an adjuster acting on its behalf inspected both Aunt Sally's locations. That same day Frank Simoncioni gave the adjuster an inventory loss statement and a statement of continuing expenses.

Simply providing an insurer with notice of a claim does not fully apprise the insurer of the claim and the extent of the damages. Therefore, mere notice of a claim is insufficient to constitute "satisfactory proof of loss." There is no evidence indicting that by September 19, 2005, Aunt Sally's had provided United Fire with satisfactory proof of loss. Therefore, the jury's finding that United

Fire received satisfactory proof of loss by September 19, 2005, is against the great weight of the evidence. Moreover, because the Seventh Amendment preserves the right to a jury trial in civil actions, the Court cannot substitute its determination of the date plaintiff provided satisfactory proof of loss to United Fire for the date selected by the jury. Therefore, United Fire is entitled to a new trial on this issue.

Moreover, absent a date as to when plaintiff provided United Fire with satisfactory proof of loss, no determination can be made as to whether United Fire timely paid plaintiff's claim within the statutory requirements of La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220, and if payment was not timely made, whether the failure to do so was arbitrary, capricious or without probable cause. Consequently United Fire is also entitled to a new trial on issues related to whether Aunt Sally's is entitled to statutory penalties under La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220.

INCONSISTENT INTERROGATORY RESPONSES

United Fire asserts that a new trial is necessary on the issue related to whether it improperly terminated Aunt Sally's insurance policy because the jury provided inconsistent answer to the special interrogatories addressing that issue. The granting of a motion for new trial is appropriate when the jury has given inconsistent answers to special jury interrogatories. *See Fiber Systems Intern., Inc. v. Roehrs*, 470 F.3d 1150, 1167 (5th Cir. 2006).

> In determining whether answers are inconsistent, we look to "whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted." *FDIC v. Fid. & Deposit Co.*, 45 F.3d 969, 977 (5th Cir. 1995)(citation omitted). A jury's answers "should be considered inconsistent, however, only if there is no way to reconcile them." *Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978). This court makes "a concerted effort to reconcile apparent inconsistencies in answers to verdicts if at all possible. " *Ellis v. Weasler Eng'g, Inc.*, 258 F.3d 326, 343 (5th Cir. 2001).

*Fiber Systems Intern, Inc. v. Roehrs*, 470 F.3d at 1167-68.

The pertinent jury interrogatories and answers are as follows:

12. Do you find by a preponderance of the evidence that United Fire and Casualty Company placed in the mail a properly addressed Notice of Cancellation to Aunt Sally's Praline Shops, Inc. at least ten days prior to cancelling the insurance policy issued to Aunt Sally's Praline Shops, Inc.?

YES_____                                                    NO__X__

If your answer to No. 12 is "NO" skip No. 13 and answer No. 14. If your answer to No. 12 is "YES" answer No. 13.

13. Do you find by a preponderance of the evidence that Aunt Sally's Praline Shops, Inc. received the Notice of Cancellation placed in the mail by United Fire and Casualty Company?

YES__X__                                                    NO_____

If your answer to No. 13 is "YES" date and sign this form and return to the courtroom. If your answer to No. 13 is "NO" answer No. 14.

14. Do you find by a preponderance of the evidence that Aunt Sally's Praline Shops, Inc. sustained damage as a result of United Fire and Casualty company's cancellation of the insurance policy?

YES__X__                                                    NO_____

Specifically United Fire asserts that it is inconsistent for the jury to have found that Aunt Sally's received the "Notice of Cancellation placed in the mail by United Fire and Casualty Company" having already concluded that a preponderance of the evidence failed to establish that "United Fire and Casualty Company placed in the mail a properly addressed Notice of Cancellation to Aunt Sally's Praline Shops, Inc. at least ten days prior to cancelling the insurance policy issued to Aunt Sally's Praline Shops, Inc."

There is no inconsistency in the jury's responses to Interrogatories No. 12 and No. 13, and

the jury's failure to follow the instructions on the jury interrogatory form does not necessitate the granting of the motion for new trial.    The focus of Interrogatory No. 12 is whether United Fire proved that it mailed a properly addressed Notice of Cancellation to Aunt Sally's "*at least ten days prior to cancelling the insurance policy*," not whether United Fire proved that it mailed a properly addressed Notice of Cancellation to Aunt Sally's.   There is nothing inconsistent in the jury's conclusions that although United Fire did not mail a properly addressed Notice of Cancellation at least ten days prior to cancelling the policy, that Aunt Sally's did receive a Notice of Cancellation. Because the responses to Interrogatory No. 12 and Interrogatory No. 13 can be reconciled, defendant is not entitled to the relief requested on this issue.

<u>DAMAGE AWARD FOR CANCELLATION OF THE INSURANCE POLICY</u>

The jury awarded Aunt Sally's $13,622.00 in damages for the improper termination of the insurance policy. Defendant concedes that the proper measure of damages includes any additional costs and expenses incurred by Aunt Sally's in obtaining another property insurance as well as any loss of income resulting from the closure of the Aunt Sally's facilities due to the lack of insurance.

Plaintiff's Exhibit 21 establishes that the difference in price between the twelve month insurance policy issued and terminated by United Fire and the twelve month replacement policy issued by Lloyds of London totals $15,520.95 ($33,703.95 minus $18,183.00).   That difference alone supports the jury's award. Additionally, plaintiff presented undisputed evidence that both the manufacturing facility and the retail store closed for one day due to United Fire's cancellation of the insurance policy.  As described hereinabove, the testimony of John Nagin establishes an average daily loss of income of $2,525.00 when both facilities are closed. Considering Plaintiff's Exhibit 21 and the testimony of Mr. Nagin, the jury's award of $13,622.00 for Aunt Sally's damages

resulting from cancellation of the insurance policy is not against the great weight of the evidence, and defendant is not entitled to a new trial on that issue. Accordingly,

**IT IS ORDERED** that the motion for new trial filed on behalf of United Fire &Casualty Company is GRANTED to the extent that a new trial is ordered to determine the period of restoration for Aunt Sally's Praline Shop Inc.'s Chartres Street facility, the quantum of business interruption damages for the Decatur Street store, the quantum of business interruption damages for the Chartres Street facility, if any; and Aunt Sally's claims for penalties and damages, under La. Rev. Stat. 22:658 and 22: 1220;

**IT IS FURTHER ORDERED** that the motion for new trial filed on behalf of United Fire & Casualty is DENIED in all other respects.

New Orleans, Louisiana, this 16th day of June, 2009.

 

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE