# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AUNT SALLY'S PRALINE SHOP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7674** |
| **UNITED FIRE & CASUALTY COMPANY** | **SECTION "K"(5)** |

## ORDER AND OPINION

Before the Court is the "Motion to Amend Judgment" filed on behalf of plaintiff Aunt Sally's Praline Shop, Inc.("Aunt Sally's") (Doc. 95). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Plaintiff asks the Court to amend the judgment entered October 19, 2008 (Doc. 92) to order that interest on the damages awarded for business interruption, extended business income, tenant improvements and betterments, business personal property, and covered extra expenses be ordered to run from November 15, 2005, the date plaintiff contends payment was due until paid, rather than from date of judicial demand until paid. Additionally plaintiff seeks an order amending the judgment to provide that United Fire & Casualty Company ("United Fire") pay interest on the "late" payments under its policy to Aunt Sally's, i.e., the $27,355.00 payment for business income loss and the $25,598.00 property damage payment.

It is undisputed that in this diversity case, Louisiana law applies to determine the commencement date for the payment of interest. *See Erie R.Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.1188 (1938).

Considering the Court's recent Order and Opinion granting United Fire's motion for new

trial on the issue of when Aunt Sally's provided satisfactory proof of loss to United Fire, it is premature to conclude that United Fire's prior payments of $27,355.00, for payment of business income loss, and $25,598.00 for property damage were "late." Moreover, plaintiff has cited no authority, jurisprudential or statutory, nor has the Court located any, entitling plaintiff to interest on the "late" payments. Accordingly, motion is denied.

The judgment awards plaintiff pre-judgment interest on the awards for business interruption, extended business income, tenant improvements and betterments, business personal property, and covered extra expenses from the date of judicial demand until paid. Plaintiff contends that pre-judgment interest should commence running on those sums from the date those damages were due. Although Aunt Sally's cites several insurance cases in which the court awarded the plaintiff pre-judgment interest on the amounts due under the policy from the date the amount was determined to be due, those cases can be readily distinguished and are therefore not persuasive. In both *Tricot Services Corporation v. Houston General Insurance*, 414 So.2d 1313 (La. App. 2nd Cir. 1982) and *Quindlen v. Prudential Insurance Company of America*, 342 F.Supp. 9 (W.D. La. 1972), the awards of prejudgment interest from the date the insurance payments were due appears to have been driven by specific provisions of the insurance policies at issue.

In *Tricot* the plaintiff brought suit under its fire and extended coverage policy to recover for tornado damage to a warehouse. Plaintiff appealed the trial judge's grant of prejudgment interest from the date of judicial demand. The court of appeals reversed the trial court and adopted the plaintiff's position that the insurer owed prejudgment interest commencing sixty (60) days after plaintiff submitted its proof of loss to the insurer. The court of appeals stated:

> The policy provided that amounts due under the policy are payable sixty days after the proof of loss. Debts bear interest from the time

2

> they are due. LSA-C.C. art. 1938. The debt in this case was due
> sixty days after the proof of loss, and, therefore interest would
> commence to run sixty days after proof of loss.

*Id*. at 1321. The cited languages clearly ties the prejudgment interest award to language in the insurance policy.

Plaintiff also cites *Quindlen v. Prudential Insurance Company of America*, 342 F.Supp. 9 (W.D. La. 1972) in urging that it is entitled to prejudgment interest from the date the amounts were due under the policy. In *Quindlen* a widow sought to recover proceeds under a temporary life insurance binder. The district judge concluded that the plaintiff was entitled to the proceeds under the contract plus prejudgment interest "from the date of receipt of due proof of death." Although the district court did not specifically state that the policy itself contemplated prejudgment interest from the date that benefits were payable under the policy, the court did state:

> The record does not reflect that such proof was entered; so, we order
> the record reopened for five days to receive evidence on that matter.
> Of course, if plaintiff is unable to adduce that evidence interest will
> run from date of judicial demand until paid.

*Id.* at 14. Thus, it appears that the insurance contract may have stipulated that the life insurance proceeds would become due once proof of the principal was received. Such is not the case here. Plaintiff cites no language from the United Fire policy indicating when benefits under the policy become due.

Moreover, the court of appeals decision in *Sher v. Lafayette Insurance Company*, 973 So.2d 39 (La. App. 4th Cir. 2007) *overruled on other grounds* 988 So.2d 186 (La. 2008) is instructive. There the court of appeals held that "interest on damages is calculated from the date of judicial demand." *Id.* at 64. That approach is also supported by *Dawson Farms v. Millers Mutual Fire Insurance*, 794 So.2d 949, 953 (La. App. 2d Cir. 2001), in which the court awarded interest to

plaintiff in a suit for damages under an agribusiness insurance policy from the date of judicial demand.

In the absence of a provision in the United Fire policy specifying the date by which payment of benefits must be made under the policy or the benefits become due, the Court concludes that pre-judgment interest on the benefits owed is due only from date of judicial demand. Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 16th day of June, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE