# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AUNT SALLY'S PRALINE SHOP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7674** |
| **UNITED FIRE & CASUALTY COMPANY** | **SECTION "K"(5)** |

## ORDER AND OPINION

Before the Court is a motion in limine filed on behalf of defendant United Fire and Casualty Company ("United Fire") which seeks to preclude plaintiff Aunt Sally's Praline Shops, Inc. ("Aunt Sally's") from "offering evidence on any additional damages it alleges to have sustained under LSA R.S. 22:1220 since the judgment on the trial on the merits." (Doc. 115). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

BACKGROUND

Plaintiff Aunt Sally's filed suit against United Fire alleging, among other claims, that United Fire arbitrarily, capriciously, or without probable cause failed to pay Aunt Sally's claim for business interruption losses resulting from Hurricane Katrina within sixty days after receiving satisfactory proof of loss of that claim, in violation of LSA R.S. 22:1220(B)(5). At the trial of this matter, the jury concluded that United Fire received satisfactory proof of loss of Aunt Sally's claim by September 19, 2005. In considering United Fire's motion for new trial on that issue, the Court concluded that the jury's finding that United Fire received satisfactory proof of loss on September 19, 2005 was against the great weight of the evidence and granted United Fire a new trial on that issue, among other issues. The Court also concluded:

> [A]bsent a date as to when plaintiff provided United Fire with satisfactory proof of loss, no determination can be made as to whether United Fire timely paid plaintiff's claim within the statutory requirements of . . . La. Rev. Stat.22:1220, and if payment was not timely made, whether the failure to do so was arbitrary, capricious or without probable cause. Consequently United Fire is also entitled to a new trial on issues related to whether Aunt Sally's is entitled to statutory penalties under . . . La. Rev. Stat. 22:1220.

(Doc. 110, p. 11).

ANALYSIS

With respect to Aunt Sally's claim for statutory penalties under La. Rev. Stat. 22:1220(b)(5) United Fire seeks to exclude Aunt Sally's from introducing any evidence of damages sustained by it following the Court's entry of judgment on October 9, 2008. United Fire contends that "because a new trial was awarded to United Fire, its decision not to pay the amount claimed by the plaintiff cannot, as a matter of law, be considered arbitrary, capricious, or without probable cause." (Doc. 115-3, p.3). The Court disagrees and notes that United Fire cited no authority in support of its motion. Frankly, the Court considers the motion as bordering on the frivolous.

The Court's decision to grant United Fire a new trial on the issue of damages under La. Rev. Stat. 22:1220 resulted solely from the Court's determination that the jury's decision that Aunt Sally's provided United Fire with satisfactory proof of loss on September 19, 2005 is against the great weight of the evidence. Nothing in that decision can be construed to preclude a finding that a failure by United Fire to timely pay any amounts owed to plaintiff was arbitrary, capricious or without probable cause as a matter of law. The decision as to whether United Fire's arbitrarily, capriciously or without probable cause failed to pay Aunt Sally's any amount owed to it can be made only after the jury determines the date on which United Fire received satisfactory proof of loss.

Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 5th day of October, 2009.

*[signature]*
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE