# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

AUNT SALLY'S PRALINE SHOP, INC.                    CIVIL ACTION

VERSUS                                             NO. 06-7674

UNITED FIRE & CASUALTY                             SECTION "K"(5)
COMPANY

## ORDER AND OPINION

Before the Court is the "Motion for New Trial" filed on behalf of defendant United Fire &

Casualty Company ("United Fire") (Doc. 158). Having considered portions of the trial record, the

memoranda submitted in connection with this motion, and the applicable law, the Court, for the

reasons assigned, DENIES the motion.

## BACKGROUND

Aunt Sally's Praline Shop, Inc. ("Aunt Sally's") operated a manufacturing facility in a

leased warehouse on Chartres Street and a retail store in a leased premises on Decatur Street. Both

the manufacturing facility and the retail store sustained damage on August 29, 2005 due to

Hurricane Katrina. On that date Aunt Sally's had in effect a policy of commercial property and

liability insurance with United Fire. In June 2006, United Fire paid Aunt Sally's $27,355.00 for

damages to its facilities. On October 10, 2006, Aunt Sally's filed suit against United Fire seeking

additional payments for damage to business personal property, business income losses, and extra

expenses under the business income loss form, as well as penalties, damages, and attorneys fees

under La. Rev. Stat. 22:658 and 22: 1220.[1]

---

[1] Pursuant to Act, No. 415 of 2008, the Louisiana legislature redesignated and
renumbered La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220 as La. Rev. Stat. 22:1892 and La.
Rev. Stat. 22: 1973 respectively, effective January 1, 2009. For the sake of familiarity, the Court

At the conclusion of the first trial in this matter, the jury found in favor of Aunt Sally's on all claims. United Fire filed a motion for new trial challenging certain pretrial rulings by the Court as well as certain findings by the jury. The Court granted United Fire's motion in part, ordering a new trial to determine the period of restoration for Aunt Sally's Chartres Street facility, the quantum of business interruption damages for the Decatur Street store, the quantum of business interruption damages for the Chartres Street facility, if any, and Aunt Sally's claims for penalties and damages under La. Rev. Stat. 22:658 and 22:1220. Doc. 110.

Prior to the second trial the parties entered into a Stipulation of Fact setting forth "the business income loss attributable to the portions of Aunt Sally's business housed at its Charter Street location for various period os time, i.e., "1st Half September," "2nd Half September;" October, and November. Doc. 148. Additionally the parties stipulated that the balance due for business income loss for the Decatur Street store's period of restoration from August 29, 2005 until November 2, 2005 was $146,515.00. Doc. 147. As a result of the Stipulation of Fact concerning the Decatur Street store, the jury did not have to address any issue with respect to the quantum of business income loss at the Decatur Street store but only the issue of penalties.

The Court then conducted the second jury trial limited to the issues set forth herein above. At the conclusion of the evidence at that trial, the jury concluded that the period of restoration for the Chartres Street facility began on August 29, 2005 and continued until October 31, 2005, and that Aunt Sally's could have restored operations at the Chartres Street facility to the condition that would have existed if no direct physical loss or damage had occurred to the premises leased by Aunt Sally's by November 30, 2005. The jury further concluded that United Fire had failed to pay Aunt

will identify these statutes by their prior designations.

Sally's $29,313.00 for business interruption damages and $8,251.00 for extended business income for the Chartres Street store. Additionally, with respect to plaintiff's claims for statutory penalties and damages under La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220, the jury concluded that United Fire failed to pay or offer in writing to settle Aunt Sally's $29,313.00 business income claim and its $8,251.00 extended business income claim within 30 days of receipt of satisfactory proof of loss, and that United Fire's failure to timely pay those claims was arbitrary and capricious pursuant to La. Rev. Stat. §22:658. The jury also found that United Fire failed to pay Aunt Sally's claim within 60 days of receiving satisfactory proof of loss as required under La. Rev. Stat. 22:1220, and that the failure to timely pay the claim was also arbitrary and capricious. Pursuant to La. Rev. Stat. 22:1220 the jury awarded plaintiff $350,000.00 in actual damages for United Fire's arbitrary and capricious failure to timely pay the claim as well as $100,000.00 in penalties.

Following the jury's verdict in the second trial, United Fire filed this motion for new trial urging that the jury's determination of the period of restoration for the Chartres Street facility and the extended income period are against the great weight of the evidence. Additionally, defendant seeks a new trial with respect to the amount of general damages and penalties awarded by the jury pursuant to La. Rev. Stat. 22:1220 asserting that the jury's awards were based on speculation and improper expert opinion testimony.

<u>LEGAL STANDARD</u>

Rule 59(a) of the Federal Rules of Civil Procedure provides in part that a court may grant a motion for new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The decision to grant or deny a motion for new trial falls within the sound discretion of the district court. *Foradori v. Harris*, 528 F.3d 477, 503-04 (5th Cir. 2008). "A district

court can grant a motion for new trial if the first trial was unfair or if the jury verdict was against the great weight of the evidence." *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005); *see also Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)(a district court may grant a new trial if the verdict is against the weight of the evidence, the damages awarded are excessive, the trial is unfair, or prejudicial error was committed in the course of the trial).

## II.  PERIOD OF RESTORATION & EXTENDED INCOME PERIOD

The United Fire insurance policy provides coverage for the actual loss of business income sustained due to the necessary suspension of operations during the "period of restoration."  The policy further provides that the suspension of operations must be "caused by direct physical loss of or damage to  property at the premises  described in the Declarations . . .  caused by or resulting from any Covered Cause of Loss," including  "windstorm."  Plaintiff's Exhibit 1, p. 15.  The Court has previously ruled, and instructed the jury, that  the policy does not extend to a suspension of operations due to direct physical loss or damage to the building which is extrinsic to or does not continue to damage the actual premises leased by Aunt Sally's.

The United Fire insurance policy defines "period of restoration" as  that period of time that:

> a.  Begins with the date of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the described premises; and
> b.  Ends on the date when the property at the described premises should be repaired, rebuilt, or replaced with reasonable speed and similar quality.

Plaintiff's Trial  Exhibit 1, p. 20.

The jury concluded that the period of restoration for the Chartres Street location extended from August 29, 2005, until October 31, 2005.  United Fire asserts that the plaintiff offered no evidence at trial establishing that the operations of Aunt Sally's Chartres Street facility were

suspended due to physical damage to the property for a period beyond the first two weeks after Hurricane Katrina. The Court disagrees.

Frank Simoncioni, the chief executive officer of Aunt Sally's, testified that the back of the building blew open during the hurricane and that debris blew around the building. Given that testimony the jury could have reasonably concluded that wind driven rain entered the building during that time and damaged the property. Additionally, Mr. Simoncioni testified that water entered the facility through various roof leaks as well as through the numerous skylights in the roof of the facility. He also testified, that the telephone and computer line junction boxes were located almost directly beneath a skylight through which water entered the facility, and that the facility experienced extended problems with its telephone lines and internet access following Hurricane Katrina. The jury could well have reasonably concluded that the damage to the telephone and computer lines resulted from water leaking through the skylight located above that area. There is also evidence that neither the roof leaks nor the leaks from the skylights at the Chartres Street facility were repaired

until well after the end of 2005. Brian Sandlin, a United Fire adjuster reported that a window at the Chartres Street facility had blown out. Considering the totality of the cited evidence, there is sufficient evidence to support the jury's finding that there was physical damage to the Chartres Street facility which caused a suspension of facility operations until October 31, 2005. The jury's decision that the period of restoration ended October 31, 2005 is not against the great weight of the evidence.

The United Fire policy also provides that the insurer will pay for the actual loss of business income incurred during the period that:

  (1) Begins on the date property (except "finished stock") is
  actually repaired, rebuilt or replaced and "operations" are
  resumed; and
  (2) Ends on the earlier of:
   (a) The date you could restore your "operations" with reasonable
    speed, to the condition that would have existed if no direct
    physical loss or damage occurred; or
   (b) 30 consecutive days after the date determined in (1) above.
  Loss of Business Income must be caused by direct physical loss or
  damage at the described premises caused by or resulting from any Covered
  Cause of Loss.

The jury identified November 30, 2005 as the date "by which Aunt Sally's Praline Shops, Inc. could have restored operations at the facility on Chartres Street with reasonable speed to the condition that would have existed if no direct physical loss or damage had occurred to" the Chartres Street facility. November 30, 2005 is within 30 days of October 31, 2005, the end of the period of restoration. Mr. Simoncioni's testimony is replete with details of the difficulties that Aunt Sally's encountered in restoring its operations to the condition that would have existed if no physical damage had occurred. Therefore, the Court finds that the jury's identification of November 30, 2005, as the end of the extended business income period is not against the great weight of the evidence.

### III. AWARD OF DAMAGES AND PENALTIES UNDER LA. REV. STAT. 22:1220

   After concluding that United Fire arbitrarily and capriciously failed to pay Aunt Sally's claims within 60 days of receiving satisfactory proof of loss, the jury awarded Aunt Sally's $350,000.00 to Aunt Sally's for damages it sustained due to United Fire's failure to timely pay the claim after receipt of Aunt Sally's proof of loss. Additionally, the jury assessed a penalty of $100,000.00 against United Fire for failing to timely pay Aunt Sally's claim after receipt of its satisfactory proof of loss. Defendant challenges these awards contending that the award for damages was "based upon nothing more than speculation and the improper opinion testimony of Mr. Frank

Simoncioni." Doc. 158-3, p. 4.  Specifically United Fire asserts that the Court erred in permitting

Mr. Simoncioni, over defendant's objection,  to testify as to Aunt Sally's net income for 2006-2009

"*if* Aunt Sally's would have had the requisite funds in 2006 and *if* Aunt Sally's would have been

able to purchase the equipment necessary to fully automate its praline making process . . .."  Doc.

158-3.  No extensive analysis of this contention is necessary.  The Court carefully  and thoroughly

considered United Fire's trial objection to this testimony and overruled the objection.  Defendant

has not offered any new basis to reexamine that prior ruling.

Considering the testimony of Mr. Simoncioni, the jury's award of damages and penalties

under §1220 was not speculative or against the great weight of the evidence.  Accordingly,

**IT IS ORDERED** that the motion for new trial filed on behalf of United Fire &Casualty

Company is DENIED.

New Orleans, Louisiana, this 28th  day of July, 2010.

_____
      STANWOOD R. DUVAL, JR.
      UNITED STATES DISTRICT JUDGE